Nathan Brown (SBN: 033482)
Brown Patent Law
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Telephone: (602) 529-3474
Nathan.Brown@BrownPatentLaw.com

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the putative class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

**Darren MacDonald**, individually on behalf of all others similarly situated,

Plaintiff,

v.

**Christine Hotchkin**, an individual,

Defendant.

NO.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

This case addresses a disturbing trend whereby realtors cold call consumers without consent violating the Telephone Consumer Protection Act. Plaintiff Darren MacDonald ("Plaintiff MacDonald" or "MacDonald") brings this Class Action Complaint and Demand for Jury Trial against Defendant Christine Hotchkin ("Defendant" or "Hotchkin") to stop Hotchkin from violating the Telephone Consumer Protection Act ("TCPA"). These calls by Hotchkin were placed to consumers using an autodialer without the consumers' prior written consent to receive such calls. As a result, Plaintiff seeks to obtain injunctive and monetary relief for all persons injured by Hotchkin's telemarketing scheme. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited Apr. 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

6. In recent years a troubling trend has surfaced in the real estate industry where real estate agents are cold calling consumers soliciting their services without their consent, including calls that are being placed to consumers that registered their phone numbers on the DNC.

7. This trend has resulted in consumers being bombarded by unsolicited real estate solicitation calls without their consent and in violation of the TCPA.

**PARTIES**

8. Plaintiff Darren MacDonald is a resident of Scottsdale, Arizona.

9. Defendant Christine Hotchkin is a realtor located in Clark County, Washington. Defendant places calls into this District.

**JURISDICTION AND VENUE**

10. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

11. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's wrongful conduct of calling the Plaintiff was directed to and received by Plaintiff in this District on Plaintiff's Arizona area code cell phone number.

**COMMON ALLEGATIONS**

12. Defendant Hotchkin places unsolicited calls to consumers using an autodialer without obtaining the necessary express prior written consent to place such calls.

13. Numerous consumers have complained online about receiving unsolicited autodialed calls from the Defendant's same phone number that called the Plaintiff.

- "First call was a robocall that tried to make it sound like it was a bad connection, female voice said 'I'll have to call you right back'. Trying to establish that a human would pick up, I guess. Second call was a human with a real estate agency, asking me when I am planning to sell my home. I said not interested and she hung up."[1]
- "A suspected robo-call from: Christine Hotchkin…"[2]
- "Cold-calling realtor lit up all 3 of our phones (landline, two cells) at once."[3]

---

[1] https://800notes.com/Phone.aspx/1-503-498-6590
[2] *Id.*
[3] https://www.reportedcalls.com/5034986590

- "Repeated cold call attempts by realtor."[4]
- "Unsolicited, cold call from realtor (argh!)"[5]
- "Repeated 'UN' solicited -0 cold call – attempts by realtor … very much 'UN' appreciated … please do NOT attempt to contact me again …"[6]
- "Cold-calling realtor called home phone, husband's cell, and my cell at the same time – all 3 phones ringing. She asked when we plan to sell [our] home."[7]

14. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing autodialed calls to cellular telephone numbers such as Plaintiff's.

16. On January 4, 2018, Plaintiff MacDonald received an autodialed call to his cell phone from Defendant using the phone number 503-498-6590.

17. When Plaintiff answered the January 4, 2019 phone call, he noticed that it began with a pause, which typically indicates the use of an autodialer.

18. The agent told Plaintiff that she was to see if Plaintiff wanted to sell his property. Defendant informed Plaintiff that she is an agent for a realty in Portland. Plaintiff told Defendant that he wanted his phone number removed from her list and asked Hotchkin to mail him a copy of her brokerage's do not call policy.

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] https://findwhocallsyou.com/5034986590?CallerInfo

19. Plaintiff never consented to receiving solicitation calls from Defendant.

20. Plaintiff was not looking to sell his home and was not looking to purchase any new properties.

21. The unauthorized telephone call made by Defendant, as alleged herein, has harmed Plaintiff MacDonald in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

22. Seeking redress for these injuries, Plaintiff MacDonald, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., which prohibits unsolicited autodialed text messages to cellular telephones.

**CLASS ALLEGATIONS**

**23.** Plaintiff MacDonald brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called, (2) on the person's cellular telephone, (3) using similar equipment used to call Plaintiff, and (4) for whom Defendant claims (a) she obtained prior express written consent in the same manner as she claims she supposedly obtained prior express written consent to call Plaintiff, or (b) she did not obtain prior express written consent.

24. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons;

and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff MacDonald anticipates the need to amend the Class definitions following appropriate discovery.

25. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff MacDonald and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant utilized an automatic telephone dialing system to place phone calls to Plaintiff and the members of the Autodialed No Consent Class;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Adequate Representation**: Plaintiff MacDonald will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff MacDonald has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff MacDonald and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff MacDonald nor his counsel have any interests adverse to the Class.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff MacDonald and the Autodialed No Consent Class)**

29. Plaintiff MacDonald repeats and reallege paragraphs 1 through 28 of this Complaint and incorporates them by reference.

30. Defendant made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff MacDonald and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. These solicitation telephone calls were made *en masse* without the prior express written consent of the Plaintiff MacDonald and the other members of the Autodialed No Consent Class.

32. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff MacDonald and the other members of the Autodialed No Consent

Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff MacDonald, individually and on behalf of the Class, prays for the following relief:

33. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff MacDonald as the representative of the Class; and appointing his attorneys as Class Counsel;

34. An award of actual and/or statutory damages and costs;

35. An order declaring that Defendant's actions, as set out above, violate the TCPA;

36. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

37. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff MacDonald requests a jury trial.

DATED this 19th day of January, 2020.

Respectfully Submitted,

**DANIEL DECLEMENTS**, individually and on behalf of those similarly situated individuals

Dated: January 19, 2020

By: /s/ Nathan Brown
Nathan Brown
*Local Counsel for Plaintiff and the putative class*
Telephone: (602) 529-3474

Nathan.Brown@BrownPatentLaw.com

Rachel E. Kaufman*
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff MacDonald and the putative Class*

* Pro Hac Vice Motion forthcoming