**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren MacDonald, | No. CV-20-00138-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Gubernick PLLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Brian Gubernick, PLLC and Brian Gubernick's Motion to Dismiss First Amended Class Action Complaint. (Doc. 70.) Plaintiff, Darren MacDonald, filed an Opposition to Defendants' Motion to Dismiss and Cross-Motion to Amend. (Doc. 75.) Defendants filed a Reply to Plaintiff's opposition and a Response to Plaintiff's Cross-Motion to Amend. (Doc. 80.) Plaintiff filed a Reply in support of his Cross-Motion to Amend. (Doc. 81.) Defendants requested oral argument, but the Court declines to hold oral argument finding that it is unnecessary. *See* LRCiv 7.2(f). The Court has reviewed the pleadings and will deny Defendants' Motion to Dismiss and grant Plaintiff's Cross-Motion to Amend.

**I.  BACKGROUND**

Plaintiff filed this class action suit against Defendants alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA") by making unsolicited, autodialed calls to consumers. (Doc. 29.) Plaintiff's First Amended Complaint ("FAC") alleges that on January 4, 2018, Plaintiff received a call on his cell phone from Christine

Hotchkin, an agent of Defendants' business. (*Id.* ¶ 34.) The call was made using a "Mojo Dialer based on a lead [Defendants' business] provided to Hotchkin." (*Id.* ¶ 35.) When Plaintiff answered the call, "he noticed that it began with a pause, which typically indicates the use of an autodialer." (*Id.* ¶ 36.) Hotchkin was calling to offer real estate brokerage services to Plaintiff. (*Id.* ¶ 37.) Plaintiff told Hotchkin that he was not interested and that he wanted his number removed from her list. (*Id.* ¶ 38.) Plaintiff had not consented to receive calls from Defendants. (*Id.* ¶ 39.) Plaintiff alleges, that calls were made to him and other class members "using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." (*Id.* ¶ 50.)

On March 9, 2021, the Court granted Defendants' request to stay proceedings in this case until the U.S. Supreme Court issued a ruling in *Facebook, Inc. v. Duguid*. (Doc. 69.) The Supreme Court issued an opinion in that case on April 1, 2021. *See Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021). Shortly after the Supreme Court issued its opinion, Defendants filed this Motion to Dismiss contending that Plaintiff's FAC must be dismissed because Plaintiff did not plead facts that the Mojo Dialer uses a random or sequential number generator. (Doc. 70 at 2.)

**II.  ANALYSIS**

Defendants' Motion to Dismiss argues that Plaintiff's FAC must be dismissed pursuant to Rule 12(b)(6) based on the Supreme Court's definition of an automatic telephone dialing system in *Duguid*. (Doc. 70.) In its response to the Motion to Dismiss, Plaintiff does not argue that dismissal is not appropriate based on *Duguid*, but instead argues that the Court should grant him leave to file his Second Amended Complaint "SAC"), which would moot Defendants' motion. (Doc. 75 at 1.) In their Reply and Response in Opposition to Plaintiff's Cross-Motion to Amend, Defendants argue that Plaintiff should not be allowed to amend his FAC because Defendants' "Mojo dialing system" cannot qualify as an auto dialer under *Duguid*. (Doc. 80 at 3.)

**A.  Plaintiff's TCPA Claim after *Duguid***

In the *Duguid* opinion, the Supreme Court held that "under the TCPA, a device must have the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." 141 S.Ct. at 1164. However, the Supreme Court refused to go so far as to include any equipment that merely stores and dials telephone numbers in its definition of an autodialer. *Id.* at 1171. Yet, a footnote of the opinion recognized that a device may still constitute an autodialer under the TCPA if it randomly dials numbers from a preproduced list. *Id.* at 1172 n. 7 ("For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time.").

Defendants argue that the *Duguid* opinion footnote is dicta and that the Court should ignore it for the purposes of ruling on this motion. (Doc. 80 at 4–6.) In support of this assertion, Defendants rely upon caselaw from outside of the Ninth Circuit. (*Id.* at 6.) However, as Plaintiff points out, in the Ninth Circuit, "our precedent requires that we give great weigh to the dicta of the Supreme Court." *Couer D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 683 (9th Cir. 2004).

When taking the *Duguid* footnote into account, both Plaintiff's FAC and proposed SAC state a valid claim for relief under the TCPA. The SAC alleges that the Mojo Dialer includes a "Power Dialer" that can automatically call an entire list of leads. (Doc. 75-2 ¶ 14.) The SAC also alleges that the Mojo Dialer "can import lists of leads, with associated phone numbers" and "can then generate sequential numbers and store these sequential numbers in a database, to indicate the automatic dialing order for leads." (*Id.* ¶ 16.) Additionally, the SAC alleges the system can automatically call through a list of leads in sequential order. (*Id.* ¶ 18.) Bolstering these allegations, Plaintiff notes that when he answered the call, he noticed that it began with a pause, "which typically indicates the use of an autodialer."[1] (*Id.* ¶ 36.) These allegations are sufficient to state a cause of action

---

[1] Courts in this district recognize that a "telltale" pause after a plaintiff picks up a call makes it plausible for pleading purposes that an autodialer, as defined by the TCPA, was used. *See Winters v. Quicken Loans Inc.*, No. CV-20-00112-PHX-MTL, 2020 WL

under the TCPA, even after *Duguid*.

### B. Leave to Amend

Allowing Plaintiff to amend his FAC will not prejudice Defendants at this early stage in litigation, and amendment would not be futile because the Court has determined that the SAC will plausibly state a claim for relief under the TCPA. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that—absent prejudice or a strong showing of any of the factors outlined in *Forman v. Davis*, 371 U.S. 178, 182 (1962)—there is a strong presumption under Rule 15(a) in favor of granting leave to amend). Thus, the Court will grant Plaintiff's Cross-Motion to Amend.

Within fourteen (14) days from the date of entry of this Order, Plaintiff may submit his proposed SAC. Plaintiff must clearly designate on the face of his amended complaint that it is the "Second Amended Complaint." He is reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Cross-Motion to Amend. (Doc. 75.)

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Dismiss. (Doc. 70.)

**IT IS FURTHER ORDERED** that Plaintiff shall file its proposed SAC within fourteen (14) days of the entry of this order.

Dated this 8th day of November, 2021.

Honorable Susan M. Brnovich
United States District Judge

---

5292002, at *3 (D. Ariz. Sept. 4, 2020); *see also McCullough v. Maximum Title Loans LLC*, No. CV-19-00717-PHX-JJT, 2019 WL 3933754, at *3 (D. Ariz. Aug. 20, 2019).

- 4 -